# DISTRICT OF COLUMBIA *v.* WOOD.*

---

MUNICIPAL CORPORATIONS; HIGHWAYS; NOTICE; NEGLIGENCE; OBJECTIONS AND EXCEPTIONS; WITNESSES.

1. Express notice, as in the case of a latent defect, is not necessary to render a municipality liable for injury to a pedestrian resulting from a broken pin in the hinge of a door over an area way in a public alley, but its liability is to be tested by whether, considering the nature of the defect, the municipality, by the exercise of reasonable care and supervision, could have discovered the defect within a sufficient time before the accident to have overcome it.  (Following *District of Columbia* v. *Payne*, 13 App. D. C. 500; and citing *Domer* v. *District of Columbia*, 21 App. D. C. 284; *O'Dwyer* v. *Northern Market Co.* 24 App. D. C. 81.)

---

*Municipal corporations; defective streets; notice.*—For notes upon the question of notice of defect or injury to municipality, see as to validity of requirement of notice of injury as a condition of municipal liability, *Tonn* v. *Helena*, 36 L.R.A.(N.S.) 1136; as to validity of requirement of written notice of defect to render municipal corporation liable for injuries caused by defective highway, *MacMullen* v. *Middletown*, 11 L.R.A. (N.S.) 391; as to notice of claim and cause of injury as condition of municipal liability for defect in highway generally, *Elam* v. *Mt. Sterling*, 20 L.R.A.(N.S.) 757; as to applicability in case of injury to municipal employee, of rule requiring notice of defect or notice of injury as condition of municipal responsibility for personal injuries on street or highway, *Guiricevic* v. *Tacoma*, 28 L.R.A.(N.S.) 533; as to necessity of written notice as to defect as condition of liability of municipal corporation for injuries due to the positive act of its officers or servants, *Tewksbury* v. *Lincoln*, 23 L.R.A.(N.S.) 282; as to physical or mental incapacity as an excuse for failure to give notice of injury required as a condition of municipal liability, *Touhey* v. *Decatur*, 32 L.R.A.(N.S.) 350; and as to upon whom may notice of injury or claim against municipality be served, see note to *Powers* v. *Boulder*, 46 L.R.A.(N.S.) 167.

2. General exceptions which do not state the ground on which they are based will not be considered on appeal.

3. The fact that a party's own testimony is his only evidence on a vital point in the case does not of itself require the court to rule on the point as matter of law.

No. 2533. Submitted October 17, 1913. Decided November 3, 1913.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for personal injuries. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for the plaintiff, James M. Wood, appellee here, in the supreme court of the District in an action for personal injuries alleged to have been caused by the defective and dangerous condition of a public alley.

Plaintiff's evidence tended to show that he was in the employ of the District at the time of the accident, and that it was his duty to follow one of the contractor's gangs and see that the alleys were properly cleaned, but that it was no part of his duty to observe or report defects in those alleys, such as the one here involved; that, in the performance of his duty, he went into the alley in question, between 14th and 15th and K and I streets, N. W., to inspect the cleaning work there going on; that, owing to the presence of teams therein, he was compelled to pass over a manure pit which projected into the alley, and which was covered by two iron doors each 3 feet wide and 2½ feet long; that these doors rested upon a crossbeam in the middle 2½ inches wide; that neither door had any support along the stable wall, and on two sides rested on a stone coping an inch or an inch and a half above the surface of the alley; that they were hinged by heavy strap hinges bolted to the doors,—a photograph inserted in and made a part of the record showing that these hinges were upon the outside surface of the doors and plainly observable; that a hinge on each door and a pin in one hinge were broken; that when the doors were closed, as they were upon the occasion

in question, the defects above mentioned were not readily observable; that, in returning, he stepped on one of the doors, which tilted and let him down into the pit, causing injury. The evidence on behalf of plaintiff further tended to show that the condition of these broken hinges had been observed for three or four months prior to the accident. An assistant superintendent of street cleaning, testifying for the defendant, stated that all the men, when they came on the force, were orally instructed "to report anything at all in the way of obstructions in a street or alley," but the witness could not say that plaintiff received such instruction. This witness further testified that the defect in the doors in question came within the oral instruction previously referred to.

*Mr. Edward H. Thomas* and *Mr. Francis H. Stephens,* for the appellant:

1. The defect causing the injury was a latent defect, not apparent on ordinary observation, and the District is not liable unless it had express notice. 2 Elliott, Roads and Streets, pp. 222, 223, § 807; 4 Dill. Mun. Corp. § 1720, p. 3021, note; 61 L.R.A. 586; *Cooper* v. *Milwaukee,* 97 Wis. 458, 468, 469; *Hanscom* v. *Boston,* 141 Mass. 242, 247; *Denver* v. *Dean,* 10 Colo. 375; *Carvin* v. *St. Louis,* 151 Mo. 334; *Burns* v. *Bradford,* 137 Pa. 361; *Poole* v. *Jackson,* 93 Tenn. 62; *Wakeham* v. *St. Clair Twp.* 91 Mich. 15; *Hamburg* v. *Grand Rapids,* 99 Mich. 292; *Baustian* v. *St. Louis,* 152 Mo. 317; *Duncan* v. *Philadelphia,* 173 Pa. 551; *Cooke* v. *Anamosa,* 66 Iowa, 427, 428; *Dewey* v. *Detroit,* 15 Mich. 306; *Lohr* v. *Philipsbury,* 165 Pa. 109; *Jones* v. *Sioux Falls,* 18 S. D. 477; *Hembling* v. *Grand Rapids,* 99 Mich. 292; *Clapher* v. *Waterford,* 131 N. Y. 382.

*Mr. Charles A. Keigwin, Mr. William J. Neale,* and *Mr. James N. England,* for the appellee:

1. Liability of the municipality for latent defects, of certain

kinds at least, is established by the very authorities cited in support of the elaborate argument to the contrary which is made in appellant's brief.   2 Elliott, Roads and Streets, § 807.

2. Of the cases cited in support of the appellant's contention as to latent defects some, perhaps most, are quite consistent with the instructions given in this case, and would warrant recovery upon the facts shown herein.   *Owings* v. *Jones,* 9 Md. 108; *Hanscom* v. *Boston,* 141 Mass. 242; *Cooper* v. *Milwaukee,* 97 Wis. 458.

3. The fact—if it were a fact—that the plaintiff was bound to report defects which he might discover would not disentitle him to recover for an injury caused by a defect which he did not discover.   *Klopfer* v. *District of Columbia,* 25 App. D. C. 41.

4. The instructions as to the circumstances which would render the defendant liable given by the court were in close accordance with the doctrine and largely in the language of the cases controlling in this District.   *District of Columbia* v. *Woodbury,* 136 U. S. 450; *District of Columbia* v. *Boswell,* 6 App. D. C. 402; *Domer* v. *District of Columbia,* 21 App. D. C. 284; *District of Columbia* v. *Frazer,* 21 App. D. C. 154.

5. The general authorities are all to the same effect.   Dill. Mun. Corp. secs. 1665, 1718; *Weisenberg* v. *Appleton,* 226 Wis. 56; *Cook* v. *Anamosa,* 66 Iowa, 427; *Johnson* v. *Charleston,* 3 S. C. 232.

Mr. Justice ROBB delivered the opinion of the Court:

It is first urged by the defendant that the condition of these hinges constituted a latent defect, and that, in the absence of evidence of express notice to the District of such defect, the plaintiff could not recover.   Authorities are cited to the proposition thus stated, but we shall not review them, for we do not consider them applicable to the facts of this case.   There was unquestionably evidence before the jury warranting a finding that the defect in these hinges was such that, had the District exercised reasonable care, it would have discovered that defect within a

sufficient time before the accident to have overcome it. The defective condition had been observed for several months, and, as previously noted, the breaks were on the outside of the door, where anyone charged with the responsibility of inspection would have been likely to have discovered them. The evidence before the jury was more favorable to the plaintiff than in *District of Columbia* v. *Payne,* 13 App. D. C. 500. In that case the recovery was for damages occasioned plaintiff by falling through the opening of a sewer trap. The plaintiff there, as here, in passing along, stepped upon the iron lid, which turned and precipitated her into the sewer below. There, as here, it was urged that the evidence was insufficient to justify the imputing of notice to the District or its agents whose duty it was to inspect and keep in repair catch basins. There, instead of hinges, the lid was provided with two lugs to keep it in position, and the evidence tended to show that one lug had been broken off at some previous time, but at what time or by what cause did not appear. The tilting of the lid was attributed to this broken lug. Because an examination of this lid immediately after the accident tended to show that the defect had existed for some time, and because there was proof that the lids on these catch basins were frequently tampered with by boys and were liable to be broken, the court held that the question of liability was for the jury. The court said: "But the question here is whether the facts and circumstances shown in proof were sufficient to be submitted to a jury, from which they could rationally conclude that the defendant, its officers or agents, would have obtained notice of the defective condition of the lid of the catch basin producing the injury to the plaintiff before the injury was received, if they had exercised reasonable care and diligence in inspecting and examining the catch basin with the view of keeping it in repair and in a state of safety to the passengers on the sidewalk; and because of such neglect the defect in the cover of the basin remained unrepaired. If that duty was neglected, and the injury complained of was directly attributable to that neglect of duty, then the defendant was liable."

In the present case the court instructed the jury that the fact that the plaintiff was injured, coupled with the fact that his injury was occasioned by a defective condition of the street, would not entitle him, or any other pedestrian, to recover damages against the District; that the obligation which the law puts upon the District of exercising reasonable jurisdiction over its streets and alleys requires it to do no more than take such measures as are reasonably necessary to keep informed about the condition of such streets and alleys; that, there being no evidence that the District officials actually knew of the defect claimed to have caused the injury, it was for the jury to determine "from all the evidence, the location, the situation, the nature of the doors, whether a man of reasonable prudence would have inspected this door in detail, or whether he would not." The court further said: "Neither does the extent of time during which an unsafe condition in a street may have existed alone determine the question of the municipality's liability. That is only one of the circumstances that is to be taken into consideration by the jury, because some kind of a condition that is dangerous may exist in a street, and the nature of that condition may be such as that reasonable supervision, if exercised, would surely discover it in a day or two. For instance, everybody knows that if a great excavation should suddenly come, even over night, in one of the local streets in the business district, the whole town would know it in a few hours. On the other hand, there might be some kind of a defect, there might be a rusting away of the underside of a coal hole covered by some sort of a metal cover of a nature such as not to be at all apparent on the outside, and it might exist there for years without anybody finding it out. So, you see, the question of time is only important as one of the circumstances which pertain to the particular incident that you are investigating: With respect to one incident a jury might say: 'Well, this has been going on so long, and the nature of this defect is such, that if the District had exercised reasonable supervision, it would have discovered it.' With respect to another incident a jury might have to reach the conclusion that, no matter how long that par-

ticular condition existed, its nature was such as that reasonable supervision would not have disclosed it to the municipal authorities." The court then charged the jury to have the foregoing considerations in mind in determining whether, in the present case, the District exercised a reasonable degree of supervision over this street, and, if the jury find that if the District had exercised "that degree of prudence that a reasonable man would have exercised in supervising the streets, they would have found this defect in time to have repaired it,—in reasonable time to have repaired it,—before the plaintiff was hurt, then the District did violate their duty to him." We think this charge was all that the circumstances of the case required. The jury could not have failed to understand that the nature of the alleged defect was to be considered in determining whether the District, in the exercise of reasonable supervision, would have discovered it. It is unnecessary to restate the law relating to the measure of the responsibility of the municipality in the premises, since that question has been fully answered in the *Payne Case,* and in the following cases: *Domer* v. *District of Columbia,* 21 App. D. C. 284; *O'Dwyer* v. *Northern Market Co.* 24 App. D. C. 81; *District of Columbia* v. *Woodbury,* 136 U. S. 450, 34 L. ed. 472, 10 Sup. Ct. Rep. 990.

Concerning the question whether it was the duty of the plaintiff to inspect and report any defect in the doors in question, the court charged the jury in substance that it was for them to determine from the evidence what plaintiff's duties were at the time of the injury. The court proceeded: "If you find that the duties that belonged to his office included the duty of inspecting this very door as a part of the surface of the street, and, if you find that when he went there on that occasion the inspection that he intended to make would have included the actual inspection of this door by him, then, under those circumstances, the city would not be responsible to him for the injuries he claims to have received in this case, because there you (the jury) would have a case where the city says to a man: 'I hire you to go up and look at this particular door and see if it is safe.' Of course, if a city hires a man to go and look at a

door to see if it is safe, and he goes thither and jumps on it without first finding out, and it turns out to be unsafe, that is a chance that he takes in accepting that employment. But it is only under those conditions of that twofold aspect that the question of his employment is at all important." To the quoted language the defendant noted a general exception. The reasons now assigned for this exception are that "this was in effect charging the jury that the city was not responsible, because this was the testimony of the plaintiff himself;" that, "instead of leaving it to the jury to determine as a matter of fact, the court should have instructed the jury as a matter of law that the city was not responsible;" and, finally, that the charge was unnecessarily limited and confusing. In the first place, under a familiar rule, such general exceptions will not be considered in an appellate court. The trial court is entitled to know the grounds of the objection, to the end that the error, if any, may then and there be overcome. To permit such omnibus exceptions to be taken advantage of in an appellate court would needlessly prolong litigation and be subversive of justice. It may be suggested, however, that it is an entirely novel proposition that, because the plaintiff alone has testified upon some point, the court must disregard his evidence, and rule upon the question as matter of law. Judgment affirmed with costs.

*Affirmed.*